**Ale GRILAUSKAITE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71962.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2005.*

Decided Nov. 1, 2005.

Garbis N. Etmekjian, Etmekjian Law Offices, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, Esq., William C. Edgar, U.S. Department of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Petitioner Ale Grilauskaite appeals the summary decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ) denial of her application for asylum and withholding of removal. We affirm.

On appeal to this court Grilauskaite did not challenge the IJ and BIA's holding that she failed to establish persecution under the Immigration and Nationality Act and therefore waived her challenge on that issue, requiring this court to affirm the decision below without discussion. *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988) ("[i]ssues raised in a brief which are not supported by argument are deemed abandoned" (citation omitted)).

Furthermore, this court does not have jurisdiction to hear or decide Grilauskaite's claim that she was persecuted based on her membership in a particular social group. That issue was not raised before either the IJ or the BIA and this court does not have jurisdiction over it because Grilauskaite failed to exhaust her administrative remedies. 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if—(1) the alien has exhausted all administrative remedies available to the alien as of right."); *Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004) ("failure to

---

raise an issue in an appeal to the BIA constitutes failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter" (citation omitted)).

Grilauskaite argues here, as she did before the BIA, that she was denied due process because the IJ did not act as a neutral fact-finder. However, we do not have jurisdiction over this claim because it is not a colorable due process claim. *Torres–Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir.2001) (holding that "to invoke our jurisdiction, a petitioner must allege at least a colorable constitutional violation.").

Accordingly, we AFFIRM.

---

* The Honorable S. Jay Plager, Senior U.S. Circuit Judge for the Federal Courts sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

